IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY LUELLEN, on behalf of herself and on behalf of the estate her deceased son MARTESE TATE, <br><br> Plaintiff, <br> v. <br><br> THE CITY OF CHICAGO, CHICAGO POLICE OFFICER DAVID (#18491), OFFICER VALDEZ (#8868), and J. DOE CPD OFFICERS 1-5, <br><br> Defendants. | No. 21-cv-5626 <br><br> Judge Mary M. Rowland <br><br> Mag. Judge Jeffrey Cole <br><br><br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S PARTIALLY OPPOSED MOTION FOR LIMITED
EXPEDITED DISCOVERY TO IDENTIFY J. DOE DEFENDANTS**

Plaintiff KIMBERLY LUELLEN, by and through her attorneys at First Defense Legal Aid, respectfully requests this Honorable Court grant this Partially Opposed Motion For Limited Expedited Discovery of Defendant THE CITY OF CHICAGO and two of its specific non-party agents. In support of her request, Plaintiff states as follows:

**INTRODUCTION**

On October 21, 2021, Plaintiff filed a 12-count Complaint against Defendants in this Court alleging violations of state and federal law. Dkt. 1. Plaintiff now brings this motion to facilitate the identification of J. Doe Defendants prior to the expiry of Plaintiff's statute of limitations for

1

her state law claims targeted at Doe Officers' conduct, counts VI through IX of her Complaint. Her statute of limitations on these claims will run on December 24, 2020.

The Clerk has yet to issue summons for Defendants, but on October 25, 2021, Plaintiff conferred with City of Chicago Deputy Corporation Counsel Caroline Fronczak, with whom Plaintiff's counsel spoke earlier in 2021 regarding this matter, and provided copies of this Motion, its Exhibits, and the Complaint. Plaintiff asked if the Motion could be filed as unopposed. Ms. Fronczak indicated that upon review, Defendant City objected to the time frame proposed by Plaintiff for responses to her proposed Interrogatories and Requests to Produce. It is the City's position that responses to the proposed written discovery attached as Exhibits A and B should be subject to the 30-day timeframe in the Federal Rules of Civil Procedure.

Plaintiff's Complaint describes two incidents, which, though related by virtue of the involvement of mutually applicable *Monell* policies, practices, customs, and usages theories, are practically distinct for the purposes of this Motion. Limited Expedited Discovery is sought regarding the second incident.

The first incident described in Plaintiff's complaint alleges violations of federal law due to an unlawful entry to her home on March 6, 2020 by Chicago Police Officer Defendants David and Valdez. The second incident described in Plaintiff's complaint alleges violations of state and federal law via the subsequent unlawful leaking of private medical information and other confidential law enforcement documents about Plaintiff Luellen's now-deceased son, Plaintiff Martese Tate. Defendant Doe Officers compiled and publicly disseminated sensitive law enforcement records containing Plaintiff Tate's confidential medical information to an amateur reporter and other members of the public. Tate was in a coma at the time of the leak and publication of the documents on social media.

Plaintiff brings this Motion for Limited Expedited Discovery under Fed. R. Civ. P. 26(b)(1) and (d)(1) and applicable case law because her statute of limitations for state law claims related to the second incident expires in approximately two months on December 24, 2021. She moves for expedited discovery for the sole, limited purpose of identifying Defendant J. Doe Officers #1-5 involved in the second incident.

For the reasons set below, Plaintiff asks this Honorable Court to grant her Motion for Limited Expedited Discovery.

**FACTS**

On March 6, 2020, Plaintiff Kimberly Luellen and Plaintiff Tate were in their home when Defendant Officers David and Valdez unlawfully entered the home. Dkt. 1 ¶¶ 12-44.

On July 7, 2020, Plaintiff Ms. Luellen's son, Plaintiff Tate, suffered a medical emergency for reasons unrelated to this litigation and was pronounced brain dead and placed on life support. Dkt. 1 ¶ 45. At the time of his brain death, Plaintiff Tate was a minor. Dkt. 1 ¶ 46. After Plaintiff Tate entered a coma, Defendant Doe Officers researched and retrieved Plaintiff Tate's sensitive medical status. Dkt. 1 ¶ 48. Plaintiffs did not know that Defendant Doe Officers gathered this sensitive, private medical information. Dkt. 1 ¶ 50. Neither Plaintiff Tate nor his mother Plaintiff Luellen consented to Defendant Doe Officers intruding on this confidential information. (Pl.'s Compl. ¶ 49).

While Plaintiff Tate was in a coma, Defendant Doe Officers created internal law enforcement documents titled "Juvenile Recidivists" and "Possible 2nd Juvenile MTV/Hijacking Crew." Dkt. 1 ¶ 51. Plaintiff Tate's picture is listed among other photos in the documents of youth as young as 10 under the heading "Possible 2nd MVT/Hijacking Crew." Dkt. 1 ¶ 55. Across Plaintiff Tate's picture, in large green highlight, is displayed the highly sensitive and confidential

3

information: "On Life Support." Dkt. 1 ¶ 56. Defendant Doe Officers eventually shared these internal law enforcement documents with an amateur reporter named Donald Robinson who posts extensively on social media. Dkt. 1 ¶ 57. Donald Robinson shared these documents with other members of the public on December 24, 2020. Dkt. 1 ¶¶ 57, 71. Defendant Doe Officers knew or should have known that these law enforcement documents containing images of juveniles and private medical information would be posted to social media and shared widely. Dkt 1. ¶ 58. These documents leaked by Defendant Doe Officers have been shared at least 400 times on Facebook and other social media platforms, and drew comments wishing for the death penalty on the children included, castigating the parents of the children included, and commenting on Plaintiff Tate's medical condition. Dkt. 1 ¶¶ 67-72. Plaintiff Luellen first became aware of the fact that her son's sensitive medical information had been disclosed and publicly shared when she viewed them on FaceBook on December 24, 2020, Christmas Eve. Dkt. 1 ¶ 71.

Chicago Police Bureau of Internal Affairs Sergeants Holt and Barker contacted Plaintiff. Luellen about the leaked information early in 2021, informing her that it was "Priority #1" for the Bureau of Internal Affairs and "clearly against the law," and as well told her that they expected to have to "strip some officers" of their titles because of the conduct. Dkt. 1 ¶¶ 74-78. Upon information and belief, a member or members of the Chicago Police Department's Bureau of Internal Affairs, the Civilian Office of Police Accountability, and other City employees are aware of the identity of the officer or officers who leaked these documents. Dkt. 1 ¶ 62.

## LEGAL STANDARD

Under Rule 26(d)(1), a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), *except* in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when *authorized* by these rules, by stipulation or by court order." Fed.

4

R. Civ. P. 26(d)(1) (emphasis added). The Rule thus allows for discovery before the parties have conferred as required by 26(f) when authorized by court order, rule, or stipulation. A district court has wide discretion in managing the discovery process. *Ibarra v. City of Chi.*, 816 F. Supp. 2d 541, 544 (N.D. Ill. 2011). The court there held that while there is no set test or criteria for evaluating whether expedited discovery is necessary, District Courts within the 7th Circuit, along with many other district courts, apply a reasonableness standard to motions for expedited discovery. *Ibarra*, 816 F. Supp. at 554; *Sheridan v. Oak St. Mortg., LLC*, 244 F.R.D. 520, 521 (E.D. Wis. 2007); *Arista Records v. Does 1-19*, 551 F. Supp. 2d 1, 6-9 (D.D.C. 2008); *Zambezia Film Pty, Ltd. v. Does*, No. 13 C 1321, 2013 WL 4600385, *2 (N.D. Ill. Aug. 29, 2013). A court may evaluate a motion for expedited discovery "on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances," with a showing of good cause generally considered to be implicit in the analysis. *Ibarra*, 816 F. Supp. at 544; Fed. R.Civ. P. 26(b) ("for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."); *see also Sheridan*, 244 F.R.D. at 522.

In applying the "reasonableness" standard, a court may consider factors such as "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden of the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Ibarra*, 816 F. Supp. at 554. In *Ibarra*, this court granted in part the plaintiff's motion for expedited discovery, ruling that even though a preliminary injunction was not pending, the plaintiff pled sufficient facts to satisfy the other factors for reasonableness consideration. *Id.* at 555. Specifically, the court there stated that plaintiff sought the expedited discovery for the limited purpose of

5

determining the identity of parties to the action, information within the defendant's control, rendering the expedited discovery permissible. *Id.*

Separately, in *AF Holdings LLC v. Doe*, a court in the Central District of Illinois granted a plaintiff's motion for expedited discovery because the plaintiff showed "good cause." *AF Holdings LLC v. Doe*, No. 12-1398, 2012 WL 5928532, *1-2 (C.D. Ill. Nov. 26, 2012). The court stated that as an additional consideration in authorizing expedited discovery in a reasonableness inquiry a court may apply a "good cause" standard, which authorizes expedited discovery on any relevant matter to the subject matter involved in the action. *Id.* at 3; *see also Sheridan v. Oak St. Mortg., LLC*, 244 F.R.D. at 522. Moreover, the court held that good cause existed to allow the plaintiff to conduct pre-conference discovery to ascertain the identity of the defendants. *AF Holdings LLC*, 2012 WL 5928532 at *1-2.

Even expedited subpoena discovery of third parties, as in *Zambezia Film Pty, Ltd. v. Does*, may be appropriate. 2013 WL 4600385. There, the court refused to vacate an order that allowed plaintiffs to subpoena third-party ISPs pursuant to an order for expedited discovery. *Id.* at 3. That expedited discovery included subpoenas to third party ISP providers that could identify all defendants that engaged in infringement of that plaintiff's work. *Id.* at 1. The court found good cause for upholding its order allowing for expedited discovery based on the plaintiff's legal memorandum, the plaintiff's declaration, counsel's statement and the limited breath and purpose of the discovery requests. *Id.* at 3.

As recently as September 22, 2021, a court in this District allowed limited discovery targeted to ascertain the identity of J. Doe defendant officers at an early stage in litigation and prior to Rule 26(f) conferral or the filing of a responsive pleading. *Finnigan v. Carrillo, et al.*, No. 21 C 4685 (N.D. Ill. Sept. 22, 2021) (Seeger, J.).

## ARGUMENT

**I. THE MOTION SHOULD BE GRANTED BECAUSE LIMITED EXPEDITED DISCOVERY REQUESTS TO ASCERTAIN THE IDENTITIES OF ALL DEFENDANTS FALLS WELL WITHIN THE REASONABLENESS STANDARD**

Previous rulings in favor of expedited discovery demonstrate that seeking discoverable information to ascertain the identify of all parties to a suit falls within the "reasonableness standard." *Ibarra*, 816 F. Supp. at 555; *see also Sheridan v. Oak St. Mortg., LLC*, 244 F.R.D. at 522. Plaintiff Luellen satisfies the reasonableness standard for expedited discovery as described in *Ibarra*. 816 F. Supp. at 855. While in the present case there is (1) no preliminary injunction pending, the (2) breadth of the discovery requests is narrowly tailored to the (3) limited purpose of identification of Doe Defendants, and (4) such information is already in the possession of served, noticed Defendant City of Chicago and its agents, meaning the burden on defendants to comply with the requests is minimal. (Defendant City's attorneys were similarly provided with a copy of this Motion and proposed discovery instruments prior to and subsequent to its filing.) Finally, (5) while this request is made approximately one to two months in advance of the contours of the typical discovery process, the request at the earliest possible opportunity is necessary at this stage because the statute of limitations of Plaintiffs' state law claims is quickly approaching on December 24, 2021. Indeed, in *Ibarra*, there was likewise no preliminary injunction pending, but this factor was not dispositive given the overall reasonableness of the request, as is the case here. *Id.*

**II. THE MOTION SHOULD BE GRANTED BECAUSE LIMITED EXPEDITED DISCOVERY REQUESTS NECESSARY TO ASCERTAIN THE IDENTITIES OF ALL DEFENDANTS ESTABLISHES GOOD CAUSE**

Seeking to identify all defendants to a lawsuit establishes a good cause basis for expedited discovery. *AF Holdings LLC,* 2012 WL 5928532 at *2.; *see also Zambia Film Pty, Ltd.* 2013 WL 4600385 at *3. In *AF Holdings LLC,* the plaintiff established good cause for seeking expedited

discovery to identify all defendants in its suit because there was no other practical way to discover the John Doe defendant absent court ordered discovery. *AF Holdings LLC,* 2012 WL 5928532 at *2. In the present case, the Plaintiff must identify all parties that were involved in the constitutional and state law claims relating to violations of due process and invasion of privacy. The identities of all Defendant Doe Officers involved are within the control of Defendant City of Chicago, including, but not limited to, in the files of BIA Sergeants Holt and Baker, and others within BIA, who conducted an investigation into the leak. There is no other practical way for Plaintiff Luellen within her federal case to identify and name these officers before the expiration of the statute of limitations absent expedited discovery.

The City of Chicago, and its employees and agents Sergeants Barker and Holt, are well-positioned to identify all the defendants involved in leaking private medical information and violating Plaintiffs' rights, and it can do so with minimal burden, given that an investigation into the incident has already been conducted. Like in *Zambia*, Plaintiff Luellen can establish good cause because her reason for expediting discovery is for the limited purpose of identifying the Defendant Doe Officers identified in her claims. Thus, the Plaintiff satisfies the good cause aspect of the reasonableness standard needed to grant a motion for expedited discovery.

**WHEREFORE**, the Plaintiff, KIMBERLY LUELLEN, prays this Honorable Court to grant her Partially Opposed Motion to for Limited Expedited Discovery against THE CITY OF CHICAGO by issuing an order providing for the following:

1) Allowing the transmission of limited Interrogatories to Defendant City (proposed attached as Exhibit A), with response due within fourteen days;

2) Allowing the transmission of limited Requests to Produce to Defendant City (proposed attached as Exhibit B), with response due within fourteen days;

3) Allowing the deposition of CPD Sergeants Holt and/or Barker within the Bureau of Internal Affairs on the limited subject of the identity of the officers who compiled and leaked the confidential, sensitive law enforcement records to the public, to be noticed for no later than November 22, 2021;

4) Any other relief this Court deems to be equitable and just.

Respectfully submitted,

By: /s/ Daniel E. Massoglia
*One of Plaintiff's Attorneys*

Daniel Massoglia (#6317393)
Bobby Vanecko\*
Brittany Huttner\*
First Defense Legal Aid
601 S. California Ave.
Chicago, IL 60612
P: 708-797-3066
E: daniel@first-defense.org

\*Law students and law graduates licensed to practice under Illinois Supreme Court Rule 711

**Certificate of Service**

I, Daniel Massoglia, an attorney, certify that on 10/25/21, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. Though no parties have appeared, I provided notice to Defendants via email transmission and telephone discussion of the Motion and its Exhibits to City of Chicago Deputy Corporation Counsel Caroline Fronczak via email, with whom Plaintiff's attorneys also corresponded regarding this matter earlier this year.

Respectfully submitted,

/s/Daniel E. Massoglia
*One of Plaintiff's Attorneys*

Daniel Massoglia (#6317393)
First Defense Legal Aid
601 S. California Ave.
Chicago, IL 60612
P: 708-797-3066
E: daniel@first-defense.org

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY LUELLEN, on behalf of herself and on behalf of the estate her deceased son MARTESE TATE, <br><br> Plaintiff, <br> v. <br><br> THE CITY OF CHICAGO, OFFICER DAVID (#18491), OFFICER VALDEZ (#8868), and J. DOE CPD OFFICERS 1-5, <br><br> Defendants. | No. 21-cv-5626 <br><br> Judge Mary. M. Rowland <br><br> Mag. Judge Jeffrey Cole <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S FIRST SET OF LIMITED EXPEDITED INTERROGATORIES DIRECTED TO DEFENDANT CITY OF CHICAGO**

Pursuant to this Court's Order of October ___, 2021, and Rules 26 and 33 of the Rules of Civil Procedure, you are instructed to answer the following interrogatories fully, in writing, and under oath within fourteen (14) days of their service upon Defendant City of Chicago by Plaintiff:

1. Please list the full name, star number, and official title of the officers who leaked the documents attached to these interrogatories to an amateur reporter before December 24, 2020.

RESPONSE:

2. Please list the full name, star number, and official title of any officers involved in the investigation related to the leak of the attached documents.

RESPONSE:

3. Please provide the full name, star number, and official title of any officers against whom disciplinary or investigatory proceedings have been made for the leak of the attached documents, if a determination and/or discipline has not been finalized.

RESPONSE:

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY LUELLEN, on behalf of herself and on behalf of the estate her deceased son MARTESE TATE, <br><br> Plaintiff, <br> v. <br><br> THE CITY OF CHICAGO, OFFICER DAVID (#18491), OFFICER VALDEZ (#8868), and J. DOE CPD OFFICERS 1-5, <br><br> Defendants. | No. 21-cv-5626 <br><br> Judge Mary. M. Rowland <br><br> Mag. Judge Jeffrey Cole <br><br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S FIRST LIMITED EXPEDITED REQUEST FOR
PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT CITY OF CHICAGO**

Pursuant to this Court's Order of October \_\_\_, 2021, and Rules 26 and 34 of the Rules of Civil Procedure, you are instructed to produce documents responsive to the following requests by electronic mail to Plaintiff's counsel within fourteen (14) days of their service upon Defendant City of Chicago by Plaintiff:

**INSTRUCTIONS**

These requests are made for the limited purpose of identifying J. Doe defendants in a lawsuit. Please note that you may redact or partially produce in your responses to the extent that produced records do not pertain to the identity of the persons who released the law enforcement records identified in the complaint and attached to this discovery instrument. Please note that production does not need to be comprehensive; for example, if there are many electronic communications or other regards regarding the leakers and the leak, only records sufficient to reveal the identity of the leakers need be produced in response to this discovery instrument.

**REQUESTS TO PRODUCE**

1. Documents and records related to the investigation of the officers responsible for the aforementioned leak of law enforcement records to the public that are sufficient to reveal the identity of the leaker or leakers.

2. Electronic communication among members of the Chicago Police Department, its Bureau of Internal Affairs, the Civilian Office of Police Accountability, and other City agents and employees regarding the investigation of the officers responsible for the leak sufficient to reveal the identity of the leaker or leakers.

3. Documents and records authored or contributed to by Sergeants Barker and Holt of the Bureau of Internal Affairs related to the investigation of the leak, redacted to the extent that they do not pertain to the identity of the leakers.

4. Documents and records related to investigation of the officers accused of the aforementioned leak of law enforcement records to the public that are sufficient to reveal the identity of the accused leaker or leakers, if no determination as to responsibility or discipline has been rendered.

5. COPA documents related to the investigation of the leak of law enforcement records to the public. These records may be redacted to protect investigatory processes, other privilege, and personal privacy of Complainants and need only be produced in a form sufficient to identify the accused leakers.